IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SHAWN TOLMAN<br><br>   Plaintiff,<br><br>  v.<br><br>AMERICAN RED CROSS; IDAHO CHAPTER OF THE AMERICAN RED CROSS,<br><br>   Defendants. | Case No.  4:10-CV-628-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it a motion to dismiss pursuant to Rules 9(b) and 12(b)(6) filed by the Red Cross defendants. The motion is fully briefed and at issue. For the reasons expressed below, the Court will grant the motion in part, dismissing Count Five and requiring plaintiff to amend Counts I, III, and IV or face dismissal of those counts. The motion will be denied in all other respects.

## LITIGATION BACKGROUND

Plaintiff Tolman alleges that he was fired from his position with the Idaho Chapter of the American Red Cross for complaining about the misuse of public money. He has sued both the Idaho Chapter and the National Red Cross (American Red Cross) on the ground that the Idaho Chapter was controlled by, and acted at the behest of, the National

**Memorandum Decision & Order - 1**

Red Cross. His complaint contains five causes of action: (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing; (3) fraud; (4) violation of the False Claims Act Whistleblower Statute; and (5) a claim for a declaratory judgment that the National Red Cross and the Idaho Chapter are a single entity.

The Red Cross defendants have filed a motion to dismiss alleging that the fraud claim is insufficient under Rule 9(b) and that all the causes of action fail to state a claim under Rule 12(b)(6). The Court will evaluate each claim after reviewing the legal standards governing this motion to dismiss.

## LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554 (2007). An allegation of fraud, however, requires more: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." *Fed.R.Civ.P. 9(b)*

While a complaint attacked by a Rule 12(b)(6) motion to dismiss "does not need detailed factual allegations," it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 1965. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id*. at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

**Memorandum Decision & Order - 2**

the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief." *Id*. at 557.

The Supreme Court identified two "working principles" that underlie *Twombly*. *See Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. *Id*. "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 1950. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.* "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

A dismissal without leave to amend is improper unless it is beyond doubt that the complaint "could not be saved by any amendment." *Krainski v. Nevada ex rel. Bd. of Regents*, 616 F.3d 963 (9th Cir. 2010)(issued after *Iqbal*).[1] The Ninth Circuit has held

---

[1] The Court has some concern about the continued vitality of the liberal amendment policy based as it is on language in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), suggesting that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim . . . ." Given *Twombly* and *Iqbal*'s rejection of the liberal pleading standards adopted by *Conley,* a question arises whether the liberal amendment policy still exists.

**Memorandum Decision & Order - 3**

that "in dismissals for failure to state a claim, a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss and Liehe, Inc. v. Northern California Collection Service, Inc.,* 911 F.2d 242, 247 (9th Cir. 1990). The issue is not whether plaintiff will prevail but whether he "is entitled to offer evidence to support the claims." *See Hydrick v. Hunter*, 466 F.3d 676, 685 (9th Cir. 2006).

Under Rule 12(b)(6), the Court may consider documents referred to in the complaint, although not attached thereto, without transforming the motion to dismiss into a motion for summary judgment. *See Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005).

## ANALYSIS

### Count I – Breach of Contract

The Red Cross seeks to dismiss this claim because Tolman signed the Idaho Chapter's employee handbook stating that he was an at-will employee. The handbook states that employment "is on an at-will basis" and that "[a]ny written or oral statement to the contrary by a supervisor or other agent of the Chapter is invalid and should not be relied upon." *See Exhibit A to Robinson Declaration (Dkt. No. 10-2)*. But the handbook does identify one person with authority to alter the at-will status of an employee: "Please understand that no supervisor, manager, or representative of the Chapter *other than the*

---

Nevertheless, the Circuit has continued to apply the liberal amendment policy even after dismissing claims for violating *Iqbal* and *Twombly*. Accordingly, the Court will continue to employ the liberal amendment policy.

**Memorandum Decision & Order - 4**

*CEO* has the authority to . . . make any promises or commitments contrary to the at-will relationship." *Id*. (emphasis added).

Tolman alleges that when he was hired, the "defendants" promised that he could only be fired for cause. *See Complaint (Dkt. No. 1)* at ¶ 48. Such oral promises are invalid unless they come from the Chapter's CEO, according to the handbook. This raises a question: Who is Tolman referring to when he says the "defendants" promised that he could be fired only for cause? It is unclear from the complaint whether Tolman is referring to the Idaho Chapter's CEO or to some other officials. This will become clear, however, because, as discussed further below, the Court will require Tolman to amend his complaint to name those persons.

There is also another question posed by this record. The handbook provided by the Red Cross and quoted from above states that it was effective as of January 1, 2008, nearly two years after Tolman was hired. Tolman does allege that he signed a handbook when he was hired, but that version of the handbook is not in the record, and it is not clear whether its contents on the at-will question are identical to those in the 2008 version.

Finally, even if the earlier version of the handbook is identical, Tolman alleges that there was an "established policy" with the Chapter that employees like Tolman could not be fired without good cause. *See Complaint, supra* at ¶ 49. Here, Tolman goes beyond merely asserting what he was told, and alleges a broader Chapter-wide policy, in place at the time of his hiring, that directly contradicted the handbook (assuming the earlier version is identical to the 2008 version).

**Memorandum Decision & Order - 5**

These questions preclude a finding – at this early stage of the litigation – that the Red Cross handbook requires, as a matter of law, dismissal of this action under Rule 12(b)(6).  Nevertheless, Tolman's failure to identify who made the promises of continuing employment leaves a gaping hole in the complaint.  In a later section of this decision, the Court does require Tolman to amend his fraud claim in Count III to specifically identify the individuals who promised him continuing employment, and to describe when and where those promises were made.  It is therefore a small thing to require Tolman to amend Count I in an identical manner, and the Court will do so.

Finally, the Red Cross argues that the National Red Cross should be dismissed because all of the documents that are part of this record refer to the Idaho Chapter rather than the National Red Cross.  However, Tolman does not need to present documents in this Rule 12(b)(6) proceeding.  It is enough that he has alleged that the National Red Cross was acting in unison with the Idaho Chapter.  The Court therefore rejects this argument.

## Count II – Breach of the Covenant of Good Faith & Fair Dealing

The Red Cross argues again that the handbook warrants dismissal of this claim, and the Court will again reject that claim at this time for the same reasons expressed above.  Because Count II depends on Count I, the amendment of Count I will apply to Count II, and so the Court will not separately order the amendment of Count II.

## Count III - Fraud

The Red Cross seeks dismissal of Tolman's fraud claim under Rule 9(b), quoted

**Memorandum Decision & Order - 6**

above. The language of Rule 9(b) requires the complaint to identify "the who, what, when, where, and how of the misconduct charged," as well as "what is false or misleading about [the purportedly fraudulent] statement, and why it is false." *Cafasso, U.S. ex rel. v. General Dynamics C4 Systems, Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011) (internal quotation marks and citations omitted).

Tolman's complaint passes portions of this test but fails others. His complaint does describe the content of the false promises – that Tolman was promised he could be fired only for cause, the detailed grounds for which he lists in paragraph 48J of the complaint. He further alleges that the Red Cross officials making those promises never had any intention of keeping them.

But the complaint's statement that the false promises were made by the "defendants" and in particular "the board and boards of directors of defendant Chapter" fails to satisfy Rule 9(b)'s requirement that the persons who made the statements be specifically identified. Similarly, the complaint's statement that the false representations were made "during the approximate period 2006 through the end of 2008" fails to comply with Rule 9(b)'s requirement that the complaint list the "where and when" of the representations.

Where a plaintiff's fraud allegations are found insufficient under Rule 9(b), "[l]eave to amend should be granted if it appears at all possible that the plaintiff can correct the defect." *Vess v. Ciba–Geigy Corp. USA*, 317 F.3d 1097, 1108 (9th Cir.2003). It is at least possible that plaintiff could cure the defect if he (1) named the individuals

**Memorandum Decision & Order - 7**

who knowingly made the alleged false promises that he was not an "at-will" employee, and (2) described "when and where" those false promises were made. *Cafasso*, *supra.* The Court will therefore give Tolman 14 days from the date of this decision to amend his complaint or face dismissal of the fraud claim.

### Count IV – Retaliatory Firing

In Count IV, Tolman claims that he was fired for complaining about conduct by the Red Cross that violated the False Claims Act (FCA). He has filed suit under the "whistleblower" provisions of the FCA, 31 U.S.C. § 3730(h), that prohibit firings in retaliation for engaging in conduct protected by the FCA. The Red Cross argues that the statute of limitations on this claim expires 180 days after termination. Because Tolman was fired on December 18, 2008, the 180-day period would have expired in June of 2009. Tolman did not file this action until December 17, 2010.

The Supreme Court discussed the applicable statute of limitations for suits under § 3730(h) in *Graham County Soil & Water Conservation Dist. v. United States ex rel. Wilson*, 545 U.S. 409 (2005). The Supreme Court held that the limitations period must be borrowed from the most analogous law of each state. *Id*. at 422. In a footnote, the Court listed candidates for the most analogous statutes in each state. *Id*. at 419 n.3. For Idaho, the Supreme Court listed two statutes, Idaho Code §§ 5–224 and 6–2105(2). *Id*. The latter sets a 4-year limitations period for claims in which a limitations period was "not hereinbefore provided" in the Idaho Code, while the former sets an 180-day limitations period under the Idaho Protection of Public Employees Act (IPPEA). The Supreme Court

**Memorandum Decision & Order - 8**

simply listed candidate statutes and declined to choose which statute was the most analogous. *Id*.

This Court, however, has had occasion to choose. In *U.S. ex rel. Suter v. National Rehab Partners Inc.*, 2009 WL 3151099 (D.Id. Sept. 24, 2009), the Court found that the most analogous statute in a case involving IPPEA claims was the IPPEA 180-day limitations period. The Court specifically found that the employer in *Suter* was covered by the IPPEA. There is no allegation here that the Red Cross is covered by the IPPEA, and there are no IPPEA claims in this case. Given that whistleblower retaliation actions by non-Idaho governmental employees are not specifically covered by any Idaho statute of limitations, it would appear that the most analogous statute is the one that covers claims not covered elsewhere, Idaho Code § 5-224, which sets a four-year period of limitations.

But the Court need not decide that issue. In 2010, after *Suter* was decided, Congress amended § 3730(h) to add a 3-year statute of limitations. It would apply here only if retroactive; the amendment itself does not state whether it is to be applied retroactively. The Supreme Court has held that "extending a statute of limitations after the pre-existing period of limitations has expired impermissibly revives a moribund cause of action." *Hughes Aircraft Co. v. United States ex rel. Schumer*, 520 U.S. 939, 950 (1997). Here, however, the limitations period was not settled, and so a retroactive application of the amendment would not necessarily "revive a moribund cause of action." Where "there has been no authoritative specification of which statute of limitations

**Memorandum Decision & Order - 9**

[previously] applied," and in the absence of any evidence that the amendment would "frustrate any federal law," or "result in inequity to the workers" against whom it is applied, the amendment may be applied retroactively. *Goodman v. Lukens Steel Co.,* 482 U.S. 656, 662–63 (1987), *superseded by statute on other grounds*. Because those factors exist here, the Court will apply the amendment to this case. Tolman filed this action within three years of being fired, and hence this action is timely under § 3730(h).

The Red Cross argues that the claim should be nevertheless dismissed because it fails to state a claim under § 3730(h). To make out a claim under that provision, Tolman must show that (1) he was engaging in conduct protected under the FCA; (2) the Red Cross knew that he was engaging in such conduct; and (3) the Red Cross must have discriminated against Tolman because of his protected conduct. *Cafasso*, 637 F.3d at 1060. An employee engages in protected activity where "(1) the employee in good faith believes, and (2) a reasonable employee in the same or similar circumstances might believe, that the employer is possibly committing fraud against the government." *Moore v. Cal. Inst. of Tech. Jet Propulsion Lab.*, 275 F.3d 838, 845 (9th Cir.2002).

Tolman's complaint alleges that (1) the National Red Cross operates under a federal charter and receives pubic funds, (2) the Idaho Chapter was controlled by the National Red Cross, (3) the National Red Cross and the Idaho Chapter acted together in terminating Tolman after he informed officials of the Idaho Chapter about the "misuse of public funds." *See Complaint, supra* at ¶ 14, p. 5. The complaint is quite vague in describing the "misuse of public funds." At times, the complaint seems to allege nothing

**Memorandum Decision & Order - 10**

more than that the Red Cross officials were inept fundraisers. Even if read most liberally, it remains unclear what fraud against the government Tolman was complaining about that cost him his job.

The Court has already held that Tolman must amend his claims in Counts I and III or face dismissal; the Court will make the same ruling here. Tolman must amend Count IV to more precisely describe the fraud against the government, being committed by National Red Cross and Idaho Chapter employees, that he was complaining about that caused him to lose his job.

## Count V – Declaratory Judgment

Tolman agrees that this claim can be dismissed and the Court will so order.

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion to dismiss (docket no. 10) is GRANTED IN PART AND DENIED IN PART. It is granted to the extent it seeks to (1) dismiss Count V; (2) to compel plaintiff to amend Count I and Count III to name the individuals who knowingly made the alleged false promises that he was not an "at-will" employee, and describe when and where those false promises were made; (3) to compel plaintiff to amend Count IV to more precisely describe the fraud against the government that he was complaining about that caused him to lose his job. The motion is denied in all other respects.

IT IS FURTHER ORDERED that the amendments required above must be made

**Memorandum Decision & Order - 11**

in an amended complaint to be filed within 14 days of the date of this order or the claims will be dismissed without further notice.  The Clerk is directed to file the amended complaint when proffered by plaintiff.

DATED:  **December 19, 2011**

Honorable B. Lynn Winmill
Chief U. S. District Judge