IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SHAWN TOLMAN<br><br>        Plaintiff,<br><br>v.<br><br>AMERICAN RED CROSS; IDAHO CHAPTER OF THE AMERICAN RED CROSS,<br>        Defendants. | Case No. 4: 10-CV-628-BLW<br><br>**CASE MANAGEMENT ORDER** |

In accordance with the agreements reached in the telephone status conference held between counsel and the Court on April 19, 2012, and to further the efficient administration of this matter,

NOW THEREFORE IT IS HEREBY ORDERED, that the following recitation of deadlines and procedures shall govern this litigation:

1.    <u>Dispositive Motion Deadline</u>: All dispositive motions shall be filed by

**Case Management Order - 1**

**January 14, 2013**.[1] This deadline will not be extended for Rule 56(f) issues, expert issues, discovery disputes, or for any other reason, absent a showing of compelling good cause.

    a.    This is the critical event for case management and will dictate when the trial will be set.

    b.    As provided below, a trial setting conference will be scheduled immediately following resolution of all dispositive motions. To facilitate a prompt trial setting, I will make every effort to schedule oral argument within 60 days and issue a decision within 30 days after the oral argument. If a decision is not issued within this time frame, I invite inquiry from counsel as to the status of the decision.

2.    <u>Amendment of Pleadings and Joinder of Parties</u>: All motions to amend pleadings and join parties, except for allegations of punitive damages, shall

---

[1] It is this Court's policy to accept only *one (1) motion to dismiss and one summary judgment motion* per party. If it appears, due to the complexity or numerosity of issues presented, that counsel is unable to address all issues within the twenty-page (20) limit for briefs, Dist. Idaho Loc. R. 7.1(b)(1), then it is appropriate to file a motion for permission to file an over-length brief, rather than filing separate motions for each issue. The Court prefers reviewing one over-length brief in support, one over-length brief in response, and one 10-page reply brief, if any, rather than the panoply of briefs that are generated when *multiple motions are filed*.

**Case Management Order - 2**

be filed on or before **July 13, 2012.** This deadline shall only be extended for good cause shown.[2] All parties are entitled to know the claims and parties well-before trial rather than be forced to pursue or defend against a moving target. Although this deadline precedes the general discovery deadline, the parties are directed to send out all discovery requests that might relate to amendment or joinder enough in advance of this amendment and joinder deadline to obtain the responses needed to make an informed decision on amendment and joinder.

3. Alternative Dispute Resolution Plan: The parties will file an ADR plan by **July 19, 2012.** The ADR plan must indicate the form of ADR that will be utilized and the date on which it will be conducted. **Once the settlement conference or mediation is scheduled, it shall only be vacated by me**.

4. Discovery Plan: No special plan proposed.

5. Completion of Discovery: All discovery will be completed by **December 17, 2012**. This is a deadline for the completion of all

---

[2] The Ninth Circuit has held that motions to amend filed after the Scheduling Order deadline are governed, not by the liberal provisions of Fed. R. Civ. P. 15(a), but instead, by the more restrictive provisions of Fed. R. Civ. P. 16(b) requiring a showing of "good cause." *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604 (9th Cir. 1992).

**Case Management Order - 3**

discovery; it is not a deadline for discovery <u>requests</u>. Discovery requests must be made far enough in advance of this deadline to allow completion of the discovery by the deadline date. The parties may, by stipulation, agree to defer some trial-related discovery, such as discovery related to damages issue, until after I have ruled on any dispositive issues.

6. <u>Disclosure of Experts</u>:

   a. The Plaintiff shall disclose experts intended to be called at trial on or before **September 27, 2012.**

   a. The Defendant shall disclose the experts intended to be called at trial on or before **October 28, 2012.**

   b. All rebuttal experts shall be identified on or before **November 11, 2012.**

7. <u>Rules Governing Disclosure of Expert Witnesses</u>: Within the deadlines for the disclosure of expert witnesses set out above, the parties shall also provide – for each expert disclosed – the report described in Fed. R. Civ. P. 26(a)(2)(B), as modified by Local Rule 26.2(b). Supplementation to the expert witness report shall be done in accordance with Fed. R. Civ. P. 26(e)(1), keeping in mind the Court's

admonition about not moving the dispositive motion deadline set forth earlier in this Order. Pursuant to Local Rule 26.2(b), expert witnesses will not be allowed to offer any opinion not disclosed in the mandatory Rule 26 disclosures, supplementation, or deposition. This includes rebuttal experts. No undisclosed expert rebuttal opinion testimony will be allowed at trial.

8. <u>Scheduling of Trial and Pretrial Conference</u>. Plaintiff's counsel shall contact In-Court Deputy Jamie Gearhart within one week following the entry of a decision on all pending dispositive motions to make arrangements for a telephone scheduling conference between counsel and me in which the trial and pretrial conference shall be set. If no dispositive motion is filed, Plaintiff's counsel shall immediately contact Ms. Gearhart within one week of the dispositive motion filing deadline to set a telephone scheduling conference.

9. <u>Handling of Discovery Disputes and Non-disposition Motion</u>:

   a. I will **<u>not</u>** refer this case to a magistrate judge for resolution of discovery disputes and non-dispositive motions. I will keep these motions on my own docket.

   b. The parties will strictly comply with the meet and confer requirements

**Case Management Order - 5**

    of Local Rule 37.1 prior to filing any discovery motions.

  c.  In addition, I will not entertain any written discovery motions until the Court has been provided with an opportunity to informally mediate the parties' dispute. To facilitate that mediation, the attorneys will first contact Dave Metcalf, the law clerk assigned to this case, and shall provide him with a brief written summary of the dispute and the parties' respective positions. Mr. Metcalf may be able to offer suggestions that will resolve the dispute without the need of my involvement. If necessary, an off-the-record telephonic conference with me will then be scheduled as soon as possible. I will seek to resolve the dispute during that conference and may enter appropriate orders on the basis of the conference. I will only authorize the filing of a discovery motion and written briefing if we are unable to resolve the dispute during the conference.

  c.  Prior to filing any discovery motions, counsel must certify, not only that they have complied with Local Rule 37.1, but that they have complied with the foregoing procedures.

10. <u>Law Clerk</u>: If counsel has a procedural or legal question that needs to be brought to my attention, please contact Dave Metcalf the law clerk

**Case Management Order - 6**

assigned to this case at (208) 334-9025 or at dave_metcalf@id.uscourts.gov.

11. <u>Calendaring Clerk</u>: With regard to any scheduling matters or calendar issues, please contact my deputy clerk, Jamie Gearhart at (208) 334-9021.

12. <u>Docketing Clerk</u>: The Docketing Clerk assigned to this case is Carrie McMahan. She can be reached at (208) 334-9397.

DATED: **April 19, 2012**

B. LYNN WINMILL
Chief Judge
United States District Court

**Case Management Order - 7**